## PLUMMER et al. v. CHILDERS et al.

No. 13579—Opinion Filed March 11, 1924.

### 1. Indians—Jurisdiction of Heirship Proceeding—Case Followed.

The syllabus in Homer v. Lester, 95 Okla. 284, 219 Pac. 392, is adopted as the syllabus of this case and is controlling in this case.

### 2. Same—Reversal of Judgment.

Record examined; held, to be insufficient to support judgment for defendants in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Ellis B. Childers et al., as heirs of Indian blood of the estate of Bunny and Susan Runner, deceased, against W. A. Plummer et al., who are claimants of interests in the allotments of the decedents, to cause a declaration of the heirship and next of kin of said decedents. Judgment for petitioners. Defendants bring error. Reversed and remanded, with directions.

P. J. Carey, Montgomery & Guest, and Turner, Turner, Harley & Parris, for plaintiffs in error.

R. C. Allen and S. W. Rose, for defendants in error.

Opinion by STEPHENSON, C. The defendants in error, of Indian blood, commenced their action in the county court of McIntosh county for a declaration of heirship in the matter of the estates of Susan and Bunny Runner, who were of Indian blood and died in the years of 1903 and 1906, respectively. Judgment went for the petitioners and against certain claimants by the names of K. Saab, Frank Mike, and Wolverine Oil Company. The defendants appealed the cause to the district court, where a·similar judgment and finding was reached and made in the trial of the cause. The defendants have appealed the cause to this court and urge want of jurisdiction on the part of the county court to determine the heirship in the proceedings as filed, and want of jurisdiction of the district court on appeal to hear and determine the cause. The record in this appeal brings the cause within the rules applied in Homer v. Lester, 95 Okla. 284, 219 Pac. 392, and is controlling in this cause. The question of the want of jurisdiction to hear and determine a cause may be raised by the plaintiff in error in this court for the first time. Cummings v. McDermit, 4 Okla. 272, 44 Pac.

276, and Zahn v. Obert, 60 Okla. 118, 159 Pac. 298.

The county court was without jurisdiction to entertain the proceedings and consequently the judgment of the district court on appeal in the proceedings was null and void for want of jurisdiction.

Therefore it is recommended that this cause be reversed and remanded with directions to dismiss the proceedings.

By the Court: It is so ordered.